Harley HENDERSON,
Plaintiff-Appellant,

v.

VENDO COMPANY, a corporation,
Defendant-Respondent.

No. KCD 30589.

Missouri Court of Appeals,
Western District.

May 5, 1980.

Rehearing Denied June 9, 1980.

John J. McFadden, Sr., Kansas City, for plaintiff-appellant.

C. Brooks Wood, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, for defendant-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

In a breach of contract action originally brought in the magistrate court and appealed to the circuit court, judgment was for the defendant. Plaintiff appealed raising four points, three of which were stricken for failure to comply with Rule 84.04. Despite leave granted to file an amended brief, the plaintiff has failed to do so.

The case was tried on appeal to the court sitting without a jury. The remaining point in plaintiff's brief complains that the judgment is against the evidence, the weight of the credible evidence, and the law under the evidence.

The dispute centers upon a plan prepared by the Vendo Company in connection with the closing of its Kansas City plant, referred to as the "employment completion allowance." That program provided for "an additional benefit" to those salaried persons who remained with the Vendo Company until the Kansas City plant was closed. It was specifically not to be construed as severance pay and was explained to the employees individually as being intended to insure their continued work in the plant until the plant closed. Prior to the plant closing, the plaintiff applied for and was granted full, long term disability retirement approved by the Vendo Company. It provided that plaintiff was to receive one-half of his $1,160 monthly salary, or the sum of $580 monthly, until he is 65.

The standard of review applicable to this case is that of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). The plaintiff's claim is that there is no substantial evidence to support the judgment and that it is against the weight of the evidence. The trial court ruled that the plaintiff voluntarily terminated his employment prior to the closing of the plant by applying for and accepting his long term disability showing that he was no longer capable of full-time employment, a factual determination fully supported by the evidence. Nor does any error of law appear upon the basis of that factual determination. An extended opin-

ion would have no precedential value. The judgment of the trial court is affirmed. Rule 84.16.

All concur.